UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOMINIQUE TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09CV1816 TIA |
| ) | |
| MYLAN, INC., ) | |
| MYLAN PHARMACEUTICALS, INC., and ) | |
| MYLAN TECHNOLOGIES, INC., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). The parties consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c).

## **Background**

Plaintiff, Dominique Turner, filed this wrongful death action in federal court on November 2, 2009. In her Complaint, Plaintiff alleges that her mother, Alfredda Allen, was prescribed 50 mcg fentanyl patches for pain relief. (First Amended Complaint ("FAC"), ¶¶ 7, 12) Defendants designed, manufactured, marketed, and sold said patch, known as Mylan's Fentanyl Transdermal System ("Patch"). (FAC, ¶¶ 7, 10) Fentanyl is a powerful narcotic used to treat chronic pain. (FAC, ¶ 8) The patch was designed and marketed to give patients, including Alfredda Allen, a therapeutic level of fentanyl by delivering the drug through the skin and into the blood stream. (FAC, ¶¶ 9, 10) On December 26, 2006, while using the patch as prescribed, Alfredda Allen died after receiving a lethal dose of fentanyl. (FAC, ¶ 12)

Ms. Allen's daughter, Plaintiff Dominique Turner, filed a Complaint, alleging Strict Product Liability due to a manufacturing defect, a marketing defect, and a design defect. Further, Plaintiff

alleges Negligence, Negligent Misrepresentation, and Breach of Implied Warranty of Fitness. On January 11, 2010, Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), claiming that Plaintiff's Complaint fails to satisfy federal pleading standards. Plaintiff, on the other hand, contends that the Complaint sufficiently describes the factual allegations that support each of Plaintiff's causes of action.

## II. Legal Standards

The United States Supreme Court recently held that a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the

2

plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

### III. Discussion

#### Counts I and II: Strict Liability and Negligence

Defendants contend that Plaintiff's Complaint merely provides bare averments with generic legal conclusions and omits the factual bases upon which the claims are predicated. Plaintiff argues that the factual allegations are sufficient to withstand Defendants' motion. The undersigned agrees that Plaintiff has sufficiently pleaded her product liability claims and that dismissal is not warranted.

Contrary to Defendants' assertion, the factual allegations stated in Plaintiff's Complaint, although simple, adequately support the legal conclusions. To state a claim under strict liability, a plaintiff must allege:

> (1)  The defendant, wherever situated in the chain of commerce, transferred a product in the course of business; and
>
> (2)  The product was used in a manner reasonably anticipated; and

3

> (3) Either or both of the following:
>
> (a) The product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold; or
>
> (b) The product was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and the plaintiff was damaged as a direct result of the product being sold without an adequate warning.

Mo. Rev. Stat. § 537.760 (2000). In product liability cases based on negligence, the "duty owed is based on the foreseeable or reasonable anticipation that harm or injury is a likely result of acts or omissions." Moore v. Ford Motor Co., ____S.W.3d ____, 2009 WL 4932736, at *4 (Mo. Ct. App. Dec. 22, 2009) (citation omitted).

In the instant case, the undersigned finds that the facts as alleged by the Plaintiff to support her strict liability and negligence claims are sufficient under Twombly. As stated by the United States District Court for the District of Nebraska, a court in this circuit:

> In a wrongful death/survival action, essentially based on theories of product liability and underlying negligence, it would be rare for a plaintiff at the time of the filing of a complaint to have more factual information than that alleged by [Turner], *i.e.*, that the defendants designed, manufactured and marketed the specified product; that the decedent used the product properly for its intended use on a date certain; and that the product directly and proximately caused her death.

Houston v. Mylan, Inc., No. 8:09CV306, (D. Ne. Nov. 20, 2009) (Doc. #27) (PACER). Plaintiff's

strict liability[1] and negligence counts in the First Amended Complaint allege enough facts "to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. Thus, the Court denies Defendants' Motion to Dismiss with regard to Counts I and II of the Plaintiff's First Amended Complaint.

### B. Count III: Negligent Misrepresentation

Defendants also argue that Plaintiff's Negligent Misrepresentation claim lacks the specificity required under Fed. R. Civ. P. 9 pertaining to claims of fraud.[2] Plaintiff, on the other hand, asserts that Rule 9(b) does not apply to negligent misrepresentation claims but that, even if Rule 9(b) applies, Plaintiff has sufficiently pleaded her claim.

The undersigned finds that a determination as to which pleading requirements apply to the

---

[1] Defendants also contend that Plaintiff has failed to adequately plead "failure to warn" of a marketing defect. Specifically, Defendants argue that Plaintiff's allegation that "Decedent (and her physician) had no knowledge of the Patch's unreasonably dangerous characteristics at any time that the Decedent used the Patch" is deficient under Twombly and fails to establish a claim in the context of a prescription pharmaceutical product in light of Missouri's application of the learned intermediary doctrine. (FAC, ¶ 16) The undersigned disagrees. Defendants have ample notification that Plaintiff is pursuing a claim that it failed to warn Ms. Allen's physician of the risks and dangers associated with the use of the product, nudging the failure to warn aspect of her strict liability claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

[2] Federal Rule of Civil Procedure 9(b) provides, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." To satisfy this rule, the Eighth Circuit Court of Appeals has stated that "the complaint must allege 'such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" Drobnak v. Andersen Corp., 561 F.3d 778, 783 (8th Cir. 2009) (quoting Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 f.3d 736, 746 (8th Cir. 2002)). "In other words, the party must typically identify the 'who, what, where, when, and how' of the alleged fraud." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) (quoting United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003)). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Commercial Prop. Inv. Inc. v. Quality Inns Int'l Inc., 61 F.3d 639, 644 (8th Cir. 1995) (citation omitted).

5

negligent misrepresentation claim is unnecessary, as Plaintiff's claim satisfies Rule 8(a), Rule 9(b), and Twombly. Plaintiff asserts:

> The Mylan Defendants represented and marketed the Patch as being safe and effective. After the Mylan Defendants know or should have known of the risk of using the Patch, they failed to communicate to the FDA, Decedent, physicians, distributors, pharmacists, and/or the general public that proper use of the Patch could cause serious injury and/or death. Instead, the Mylan Defendants communicated to all such persons/entities that the Patch was safe for use. Specifically, the Mylan Defendants' misrepresentations include, without limitation, a representation that the Patches would produce a maximum fentanyl blood concentration that was much lower than the fentanyl concentration found in Decedent's blood at the time of her death and a representation that the Patches were safe for use and a representation that the Patches can be used with other medications [.]

(FAC, ¶22) Plaintiff's allegations sufficiently notify the Defendants with particularity that she is alleging that Defendants negligently misrepresented that the Patch would produce a therapeutic level of fentanyl and could be used with other medications to Ms. Allen, her physicians, the pharmacists, and the FDA when Ms. Allen was prescribed said drug in Missouri. Defendants did so by communicating that the drug was safe for use and failing to disclose information that proper use of the Patch could cause injury or death. This clearly covers the "who, what, where, when, and how" required under Rule 9(b) and is not merely conclusory, as suggested by the Defendants.

Additionally, Plaintiff's negligent misrepresentation count alleges sufficient facts in support of her claim and is not simply a legal conclusion or a recitation of the required elements. Thus, the pleading alleges enough facts "to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. Therefore, Defendants' motion to dismiss with regard to Plaintiff's Negligent Misrepresentation count is denied.

### Count IV: Breach of Implied Warranty of Fitness

Defendants contend that Plaintiff has failed to sufficiently allege a claim for breach of implied warranty of fitness. Specifically, Defendants assert that Plaintiff fails to identify the particular purpose for which Defendants intended the product to be used, leaving unclear what would have made the Patch suitable for that purpose. Plaintiff maintains that she has clearly alleged facts in support of her breach of warranty claim sufficient to survive the motion to dismiss.

The undersigned agrees dismissal of Plaintiff's fourth cause of action is not warranted at this time. A claim for breach of implied warranty of fitness requires a plaintiff to establish that a seller had reason to know any particular purpose for which goods were required and that plaintiff relied on the seller's skill or judgment to select or furnish suitable goods. Mo. Rev. Stat. § 400.2-315 (2000); see also Lachance v. American Home Prod. Corp., No. 01-0890-CV-W-ODS, 2006 WL 89850, at *3 (W.D. Mo. Jan. 13, 2006). In this case, Plaintiff alleges that Ms. Allen filled the prescription for, and was wearing, a fentanyl patch for pain relief. (FAC, ¶¶ 7, 12) Further, Plaintiff avers that Defendants designed, manufactured, marketed, and sold the Patch with the intention that it would release a certain amount of the pain reliever into the blood of the patients, Ms. Allen in this instance. (FAC, ¶10) Finally, the First Amended Complaint claims that Plaintiff relied on Defendants' skill and judgment and used the Patch as intended but that the Patch was unreasonably dangerous for its intended use, as it released a lethal dose of fentanyl. (FAC, ¶¶ 11, 13, 14, 24) As such, Plaintiff has sufficiently asserted a claim for breach of implied warranty of fitness beyond mere speculation. Twombly, 550 U.S. at 555.

The undersigned finds that Plaintiff's First Amended Complaint adequately states a claim for

which relief can be granted by setting forth "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Therefore, Defendants' Motion to Dismiss is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. #5] is **DENIED**.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   20th   day of April, 2010.